UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO


Carlos A. Morales, et al.

    v.                                NH Civil No. 05-ds-114-JD
                                   PR Civil No. 04-1760

Puerto Rico Department of
Education, et al.


O R D E R

The plaintiffs, who are the parents of Veronica M. Morales Davila, filed suit on her behalf under the Individuals with Disabilities Education Act ("IDEA"), the Rehabilitation Act, the Civil Rights Act of 1964, 42 U.S.C. § 2000a, the Americans with Disabilities Act, and 42 U.S.C. § 1983. They also allege claims under Puerto Rico law. The plaintiffs contend that the Department of Education of Puerto Rico; Cesar Rey, Secretary of the Department; Elsie Rivas, Supervisor of the Department of Special Education, and Administrative Judge Carmen Beauchamp Gonzalez violated Veronica's rights under the cited statutes by failing to provide her with an educational environment that is appropriate, given her disabilities.

The court entered default against the defendants on March 14, 2006. The defendants have moved to set aside the default and for reconsideration of that order. The plaintiffs object to the defendants' motions.

## Background

An issue arose early in the litigation of this case concerning the administrative record. The defendants represented that they had encountered problems with the tapes of the administrative proceedings and then represented that they would provide the plaintiffs with new copies of the administrative hearing tapes, which was to be done by May 31, 2005. Despite the court's order to that effect, the defendants did not provide the plaintiffs with the tapes, file a copy of the administrative record with the court, or otherwise seek relief from their obligation to do so.

On November 21, 2005, the court directed the plaintiffs to file an amended complaint and ordered further proceedings as follows:

> Counsel for the parties shall confer to determine which part, if any, of the administrative record is necessary for the court to resolve the claims as pled in the amended complaint. The Department of Education shall file a certified translation of all or the agreed part of the administrative record with its answer to the amended complaint. Both the answer and the administrative record shall be filed within **twenty days** after the plaintiffs file their amended complaint. After the amended complaint, the answer, and the administrative record are filed, the court will issue a procedural order to set the scheduling plan for the remainder of this case.

The plaintiffs filed an amended complaint on December 6, 2005. The defendants did not file an answer or any part of the administrative record on or before December 26, 2005. The defendants also did not seek an extension of time to comply with

the court's order.

On January 30, 2006, the defendants' counsel moved to withdraw from the case because she would no longer be working at the Federal Litigation Division of the Department of Justice for the Commonwealth of Puerto Rico, which motion was granted the next day. Jo Ann Estades Boyer, Director of the Federal Litigation Division of the Commonwealth Department of Justice, was added in her place. Nothing was filed on behalf of the defendants. On March 9, 2006, a third lawyer from the Federal Litigation Division of the Commonwealth Department of Justice, Kristine Burgos Santiago entered an appearance in this court on behalf of the defendants. The docket indicates that Ms. Burgos Santiago entered her appearance in the District of Puerto Rico on February 6, 2006.

On March 14, 2006, the court entered a default as to the defendants and directed the plaintiffs to file a motion for default judgment by April 14, 2006. The next day, March 15, 2006, the defendants, through counsel, filed "Motion to Set Aside Entry of Default and Tendering Answer to the Complaint," the defendants' answer to the amended complaint, and a motion for reconsideration of the court's default order. Counsel did not file all or any part of the administrative record, as they were ordered to do in the order issued on November 21, 2005, or indicate why the record was not filed. Counsel also has not indicated whether she has conferred with plaintiffs' counsel, as

was ordered on November 21, 2005, for the purpose of determining what part of the administrative record would be necessary to resolve the issues in this case.

## Discussion

The entry of default may be set aside "[f]or good cause." Fed. R. Civ. P. 55(c). "Good cause" in this context is "liberally construed" to include consideration of "whether the default was willful and whether removal of the default would prejudice the plaintiff." Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 187 (1st Cir. 2004). The court may also consider whether "the alleged defense was meritorious." United States v. $23,000 in U.S. Currency, 356 F.3d 157, 163 (1st Cir. 2004).

In support of the defendants' motions to set aside default and for reconsideration, the defendants' counsel represents that the case was poorly handled by previous counsel and that she, current counsel, could not make filings in this court because she did not have an "ECF login" here. Counsel suggests that the delay was due to a slow response to her request for an "ECF login" in this court.

In fact, however, counsel did not apply for ECF registration in this court for more than a month after she filed her appearance in the District of Puerto Rico. Counsel's ECF registration form is dated March 9, 2006, and was received in this court on March 13, 2006. Her login and password were sent

4

to her on March 14, 2006.  Counsel's excuses do not adequately explain the delay the defendants have caused in this case.

Further, because the defendants have not filed the administrative record with their answer, as they were ordered to do, they remain in default in this case.  Counsel has not explained her failure to comply with the order of November 21, 2005.  In addition, the defendants' failure to provide the administrative record has delayed this case since last spring, and given the circumstances, the delay cannot be determined not to be willful.

The court notes that not only are the defendants represented by counsel, they are represented by the Department of Justice of the Commonwealth of Puerto Rico.  The court would expect the Department's attorneys to provide appropriate representation, including compliance with court orders and attention to the docket, which has not occurred in this case.[1]  The excuses offered by counsel do not constitute good cause to set aside the default.  There is every indication that the defendants did not take this case or the court's orders seriously.

---

[1] Counsel is also put on notice that the case number in this court is "NH Civil No. 05-ds-114-JD," which should be included on all filings here.  Further, all original filings are to made in the District of Puerto Rico **with copies of all filings to be filed in the District of New Hampshire**.  See Order, Apr. 28, 2005 (document no. 4).

5

<u>Conclusion</u>

For the foregoing reasons, the defendants' motion to set aside the default (document no. 16) and motion for reconsideration (document no. 18) are denied.  To the extent the plaintiffs intended to file a motion for default judgment as part of their opposition to the defendants' motions to set aside default and for reconsideration, that request is not considered here and must be filed separately as a "Motion for Default Judgment" **on or before April 14, 2006.**

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge
(Sitting by designation.)

March 17, 2006

cc:  Jose E. Cespedes-Sabater, Esquire
     Alfredo Fernandez-Martinez, Esquire
     Kristine Burgos Santiago, Esquire
     Jo Ann Estades Boyer, Esquire
     Clerk, USDC-PR