UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO


Carlos Morales, et al.

    v.                        NH Civil No. 05-ds-114-JD

                                PR Civil No. 04-1760

Puerto Rico Department
of Education, et al.


O R D E R


The plaintiffs, who are the parents of Veronica M. Morales Davila, filed suit on her behalf, challenging the decision of the Puerto Rico Department of Education on their request for free and appropriate education for their daughter under the Individuals with Disabilities in Education Act ("IDEA").  Default has been entered as to the defendants due to their failure to file a timely answer and to comply with the terms of the court's order.


I.   Second Motion to Reconsider

The defendants ask the court to reconsider, for a second time, the denial of their motion to set aside the default.  Their motion to set aside default and for reconsideration of the entry of default was previously denied.  Order, Mar. 17, 2004.  In considering the defendants' request for reconsideration, a second review of the history of this case is instructive.

The plaintiffs filed suit on July 23, 2004.  After two extensions were granted, the Department of Education and Cesar Rey filed their answer on October 11, 2004, and the remaining

defendants filed their answer on October 22, 2004.  The issue of
a transcript of the administrative proceeding arose almost
immediately.  The case was reassigned to this judge on March 3,
2005.

The court reset deadlines for discovery and motions on April
8, 2005.  On May 2, 2005, the court ordered the defendants to
promptly determine if a record of the administrative proceeding
existed and to report their findings to the court on or before
May 16, 2005.  On May 20, 2005, the defendants sought an
extension of time to comply, and the court granted their motion
to allow them to provide the plaintiffs with tapes of the hearing
by May 31, 2005.  Thereafter, one defendant filed a motion to
dismiss, but the defendants did not provide the tapes or a
transcript of the hearing, as they were required to do, nor did
they request a further extension of time or otherwise address the
issue of the administrative hearing transcript.

On November 21, 2005, the court denied the motion to
dismiss, ordered the plaintiffs to file an amended complaint by
December 5, 2005, and ordered the defendants to file a transcript
of the administrative record, as provided in that order, within
twenty days of the date of filing of the amended complaint.  The
plaintiffs filed an amended complaint on December 6, 2005.  The
defendants did not respond.

On March 14, 2006, the court entered default as to the

defendants due to their failure to file any response to the
amended complaint and directed the plaintiffs to file a motion
for default judgment by April 14, 2006.[1]  The next day the
defendants filed "Motion to Set Aside Entry of Default and
Tendering Answer to the Complaint," the defendants' answer to the
amended complaint, and a motion for reconsideration of the entry
of default.  The defendants failed to file a transcript of the
administrative hearing and failed to explain why the transcript
was missing.  The defendants' motions to set aside default and
for reconsideration were denied on March 17, 2006.

The plaintiffs filed a motion for default judgment on March
20, 2006.  The defendants have not filed a response to that
motion, although more than a month has passed since it was filed.

The defendants filed an emergency motion for reconsideration
and a motion for leave to file the administrative hearing
transcript in Spanish on March 17, 2006.  On March 27, the
defendants' counsel filed a motion seeking scheduling
accommodations for her vacation schedule, and on March 31,
defendants' counsel filed a "Motion to Clarify" in which she
explained that she had mistakenly filed the emergency motion to
set aside, the answer, the motion for reconsideration, the

---

[1]During February of 2006, counsel for the defendants, an
attorney in the Department of Justice of the Commonwealth of
Puerto Rico, mistakenly filed documents pertaining to changes in
representation only in the District of Puerto Rico and neglected
to register for ECF filing in this district until March 9, 2006.

3

emergency motion for reconsideration, and the motion for leave to file the transcript in Spanish in the District of New Hampshire but not in the District of Puerto Rico.

The court denied counsel's motion for scheduling accommodations and to file the transcript in Spanish on March 31, 2006. On April 24, 2006, the defendants' motion to clarify, addressing their filing errors, was terminated. As of April 25, 2006, the documents listed in the defendants' motion to clarify were not docketed in the District of Puerto Rico.

The plaintiffs have not filed any response to the defendants' emergency motion to reconsider. Because that was one of the documents filed only in the District of New Hampshire, it is not clear whether counsel for the plaintiffs was properly notified of that filing.[2] Counsel for the defendants represents in the motion for reconsideration that she sent a letter to plaintiffs' counsel on February 27, 2006, and cites to "Exhibit 1." "Exhibit 1," however, is a copy of part of the hearing transcript in Spanish, and no letter is included with the motion. Counsel for the defendants also represents that on March 17,

---

[2]Defendants' counsel states, confusingly, at the end of the motion: "I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to Alfredo Fernandez-Martinez from Delgado & Fernandez and to Jose E. Cespedes-Sabater from Cobian & Valls to their respective electronic addresses." Because the motion was NOT sent to the CM/ECF system in the District of Puerto Rico, the court has no way to know if a copy was sent to plaintiffs' counsel or not.

4

2006, she sent a copy of the Spanish transcript of the hearing to plaintiffs' counsel.

The defendants have not responded to the court's order of March 31, 2006, that denied their request to file the transcript in Spanish.  At this stage in the proceedings, the defendants remain in default, four months after the date they were ordered to file their answer and the transcript, having not filed a copy of the hearing transcript in English.  As the foregoing recitation of the travel of this case clearly demonstrates, the defendants have consistently, without justification, failed to comply with the orders of the court.  Therefore, the court finds no grounds to set aside the default.

II.  <u>Motion for Default Judgment</u>

The plaintiffs have requested a default judgment, seeking compensatory damages for private school tuition in the amount of $44,749.00.  The defendants have failed to respond to that request.  In their amended complaint, the plaintiffs allege claims under the IDEA, the Rehabilitation Act; Title II of the Americans with Disabilities Act; the Civil Rights Act of 1964, 42 U.S.C. § 2000a; 42 U.S.C. § 1983, and Puerto Rico laws.  Because the defendants failed to provide a timely response to the amended complaint, as ordered by the court, and failed to respond to the plaintiffs' motion for default judgment, a judgment of default

will be entered after a hearing on damages.  <u>See</u> Fed. R. Civ. P. 55(b)(2); <u>United States v. $23,000 in U.S. Currency</u>, 356 F.3d 157, 163 (1st Cir. 2004).  Therefore a hearing on damages will be scheduled to be held by video conference.

Conclusion

For the foregoing reasons, the defendants' motion for reconsideration (document no. 21) is denied.  The clerk of court shall set a date for a hearing on damages for default judgment to be held by video conference and shall notify the parties.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge
(Sitting by designation.)

April 25, 2006

cc: Jose E. Cespedes-Sabater, Esquire
    Alfredo Fernandez-Martinez, Esquire
    Kristine Burgos Santiago, Esquire
    Clerk, USDC-PR