```
             UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF PUERTO RICO
```

Carlos A. Morales, et al.

    v.                                            NH Civil No. 05-ds-114-JD
                                                      PR Civil No. 04-1760

Puerto Rico Department
of Education, et al.

O R D E R

The plaintiffs, who are the parents of Veronica M. Morales Davila, filed suit on her behalf under the Individuals with Disabilities Education Act, the Rehabilitation Act, the Civil Rights Act of 1964, 42 U.S.C. § 2000a, the Americans with Disabilities Act, and 42 U.S.C. § 1983.  They also allege claims under Puerto Rico law.  The plaintiffs contend that the Department of Education of Puerto Rico; Cesar Rey, Secretary of the Department; Elsie Rivas, Supervisor of the Department of Special Education, and Administrative Judge Carmen Beauchamp Gonzalez violated Veronica's rights under the cited statutes by failing to provide her with an educational environment that is appropriate, given her disabilities.  The defendants move for reconsideration of the court's decision denying their motion to set aside the default entered against them.

Background

The plaintiffs filed their complaint on July 23, 2004, and the case was assigned to a judge in the District of Puerto Rico. The defendants sought and were granted two extensions of time, until October 11, 2004, to file their responses. The Department of Education and defendant Cesar Rey filed their answer on October 11, 2004. Defendants Elsie Reyes and Carmen Beauchamp Gonzalez moved for a further of extension of time, which was denied. An answer was filed on behalf of those defendants on October 22, 2004.

On November 24, 2004, the plaintiffs filed a motion to compel the defendants to produce the transcript of the Department of Education hearing in this case. As part of that motion, the plaintiffs represented that they had filed a motion in the administrative proceeding on July 12, 2004, requesting the hearing transcript and a copy of the administrative record. The plaintiffs further represented that neither the transcript nor the record was produced in the administrative proceeding, and the matter was discussed at the parties' scheduling meeting in this action on October 27, 2004. The plaintiffs stated that the defendants' counsel requested an additional twenty days to produce the transcript and the administrative record. The defendants did not produce the transcript or the record within

the twenty days, which led to the plaintiffs' November 24, 2004, motion to compel their production.

In that motion, the plaintiffs asked the court to order the defendants to provide the transcript of the administrative hearings and a certified copy of the administrative record. The plaintiffs also stated in the motion: "This Court should also note that all the information needs to be translated into English." The defendants did not respond to the plaintiffs' motion to compel.

On December 3, 2004, the defendants moved for an extension of time to February 18, 2005, to complete discovery, which was due to be completed on January 18, 2005. They assumed that their obligation to produce the hearing transcript and administrative record was part of discovery. In support of their motion for an extension of time, the defendants' counsel noted that she had two trials in January and also that the January 18, 2005, deadline would require work during the "holiday season when most public employees already planned to go on vacations, and that includes the counsels [sic] for the parties."

In their response filed the same day, the plaintiffs chronicled the discovery delays caused by the defendants' counsel who had agreed to depositions on certain dates and then had unilaterally cancelled them for her own convenience. The

plaintiffs did not oppose the requested extension of time but asked the court to impose sanctions if the defendants' counsel again cancelled depositions.  The plaintiffs also noted that their motion to compel production of the hearing transcript and the administrative record was pending and noted that the defendants had failed to produce the transcript and record since July of 2004, when they were first asked to do so.  Neither the plaintiffs' motion to compel nor the defendants' motion for an extension of time was addressed immediately.

    On March 3, 2005, the case was reassigned to the undersigned judge, who is sitting by designation in the District of Puerto Rico.  The parties filed a joint motion to continue the scheduling deadlines.  On April 7, 2005, the court reset the discovery deadline to May 6, 2005, reset the dispositive motion deadline to June 6, 2005, and continued the final pretrial conference and the trial date to a date to be determined after decisions were issued on any dispositive motions that might be filed.  The court also ordered the defendants to file a response to the plaintiffs' motion to compel production of the hearing transcript and administrative record on or before April 22, 2005.

    The defendants filed their response, "Motion in Compliance with Court Order," late, on April 27, 2005.  The defendants' counsel explained that on an unspecified date, she had told the

plaintiffs' counsel that the defendants were in the process of having the hearing tapes transcribed and that she would deliver a copy of the transcript as soon as it was ready. The defendants' counsel represented that the plaintiffs accepted that proposal.

The defendants' counsel further represented, without providing a date, that the transcription company notified the defendants that the tapes were partly empty and were otherwise unclear so that no transcription could be made. The defendants' counsel then contacted the plaintiffs and the Department of Education to see if other copies of the tapes were in better condition. The Department stated that it had no other copies. The defendants' counsel represents that "[t]he issue was never mentioned again since Plaintiffs have appeared with several legal representation [sic] and it has been difficult to keep track of the issues already covered with each different attorney." She stated that as a result of the problem with the tapes and her difficulty in keeping track of the plaintiffs' counsel, she had not been able to provide the transcript.

She also stated that she would again contact the Department of Education "to either explore any possibility of getting a record of the administrative hearing, if there is any at all, or will request a certification of the non-existence of such a record." On May 2, 2005, the court granted the defendants'

"Motion in Compliance with Court Order" as follows:  "Defendants shall promptly determine if there is a record of the administrative proceeding in this matter and shall report to the court on or before May 16, 2005, whether or not such record exists."

The defendants filed a motion to allow them "ten (10) additional days to deliver to Plaintiff new copies of the administrative hearing tapes."  In the motion, counsel explained that the Department had the original tapes from the hearing but that she did not know the condition of those tapes.  On May 23, 2005, the court granted the defendants' motion and extended the time to May 30, 2005.

On June 16, 2005, the defendants filed a motion to dismiss the claims against Carmen Beauchamp Gonzalez, asserting judicial immunity.  The plaintiffs filed a motion to extend the time for their response to July 8, 2005, which was granted.  The plaintiffs objected to the defendants' motion on the grounds that it was untimely, having been filed ten days after the deadline for dispositive motions, and that Beauchamp Gonzalez was not entitled to judicial immunity.  The plaintiffs also stated that the defendants still had not produced the administrative record in the case.

On November 21, 2005, the court denied the motion to

6

dismiss.  As part of that decision, the court ordered the plaintiffs to file an amended complaint on or before December 5, 2005, and ordered counsel to "confer to determine which part, if any, of the administrative record is necessary for the court to resolve the claims as pled in the amended complaint.  The Department of Education shall file a certified translation of all or the agreed part of the administrative record with its answer to the amended complaint."  The defendants were ordered to file their answer and the administrative record within twenty days after the plaintiffs filed their amended complaint.  The plaintiffs filed their amended complaint on December 6, 2005.  The defendants did not file their answer or the administrative record, as they had been ordered to do, did not seek an extension of time to do so, and did not file any other response.

When the defendants failed to respond to the plaintiffs' amended complaint for months, the court entered a default as to them on March 14, 2005.  The next day, the defendants filed a motion to set aside the default, their answer to the complaint, and a motion to reconsider the default.  The plaintiffs filed their objection to the defendants' motions the same day, March 15, 2005.  On March 17, 2005, the court denied the defendants' motions due to the lack of a showing of good cause, noting that counsel for the defendants had not indicated whether she had

conferred with the plaintiffs' counsel about the administrative record, had not filed the administrative record as she had been ordered to do, and had provided no explanation for those failures.

The defendants then filed a motion for reconsideration and a motion for leave to file a transcript of the administrative hearing in Spanish.  The defendants' counsel also filed a "Motion Informing Annual Leave," in which she asked the court to conform its schedule to accommodate her anticipated six weeks of leave from work.  On March 31, 2006, the court denied the motion for scheduling accommodations because the defendants' counsel could arrange for another attorney in the Puerto Rico Department of Justice to provide coverage for this case during her planned absences.  In the same order, the court denied the motion to file the transcript in Spanish, pointing out that federal litigation in Puerto Rico must be conducted in English.

The plaintiffs filed a motion for default judgment on March 20, 2006.  The defendants did not file a response to that motion.

On April 25, 2006, the court denied the defendants' motion for reconsideration because the defendants still had not filed the administrative record or otherwise complied with the court's November 21, 2005, order.  The court also noted that the defendants had not filed a response to the plaintiffs' motion for

8

default judgment and stated that a hearing on damages would be scheduled to be held by video conference. Three weeks later, on May 17, 2006, the defendants filed a "Motion to Alter or Amend Default Judgment Under Rule 59(e)."

## Discussion

In their motion to alter or amend judgment, the defendants again argue that the default should be set aside because the circumstances leading to it were not within their control. They also ask for discovery on the issue of damages for purposes of the plaintiffs' motion for a default judgment. The plaintiffs object to the defendants' motion to alter or amend on the grounds that it is untimely and object to the defendants' request for additional discovery.

A.  Default

Although the plaintiffs are correct that the defendants' third attempt to set aside the default would be untimely as a motion for reconsideration under Federal Rule of Civil Procedure 59(e) and that the circumstances required for relief under Rule 60(b) do not exist, those rules do not strictly apply in these circumstances where judgment has not been entered. See Fed. R. Civ. P. 55(c). Therefore, the court will consider the

defendants' motion as another motion to set aside default under Rule 55(c).

As the court explained in its first order denying the defendants' motion to set aside the default, the entry of default may be set aside "[f]or good cause."  Fed. R. Civ. P. 55(c). "Good cause" in this context is "liberally construed" to include consideration of "whether the default was willful and whether removal of the default would prejudice the plaintiff."  Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 187 (1st Cir. 2004). The court may also consider whether "the alleged defense was meritorious."  United States v. $23,000 in U.S. Currency, 356 F.3d 157, 163 (1st Cir. 2004).

The defendants acknowledge that on November 21, 2005, the court ordered them to file the hearing transcript and administrative record with their answer in response to the plaintiffs' amended complaint.  They also acknowledge that they failed to comply with the court's order.  They contend, however, that their former counsel, Lavinia Aparicio-Lopez, who was an attorney with the Federal Litigation Division of the Puerto Rico Department of Justice, was grossly negligent but did not willfully ignore the court's order.  They point out that Aparicio-Lopez had problems in other cases and append a decision in another case in which the court set aside a default entered

because of Aparicio-Lopez's neglect of that case and fined the Department of Justice as a sanction.

The defendants also acknowledge that they still have not filed the hearing transcript and the administrative record for this case. They contend that they provided tapes of the hearing to the plaintiffs. For the first time, they now argue that it is not their responsibility to translate the record from Spanish to English because they "are not the producing party of said document" and "it is not part of defendants' documentary evidence in their case in chief." They also assert that it would be burdensome for the Department of Education to produce an English translation of the record because of the fiscal crisis in Puerto Rico.

When an action is brought in the district court seeking judicial review of the decision of a state education agency, the IDEA requires this court to "receive the records of the administrative proceedings" and to base "its decision on the preponderance of the evidence." 20 U.S.C. § 1415(i)(2)(B). The Puerto Rico Department of Education is the responsible agency and is also a defendant in this case. The plaintiffs have sought production of the administrative record for nearly two years; the defendants represented that they would produce the record a year ago, and they were ordered to do so six months ago. During all

of that time, the defendants did not contest their obligation to produce a certified translation of the transcript and the administrative record in this case.  The court offered the defendants an opportunity to reach a compromise with the plaintiffs as to which parts of the record were necessary to address the claims in this case, but the defendants did not and still have not attempted to use that opportunity.  Instead, the defendants expect the court to "take judicial notice" of the fiscal crisis in Puerto Rico, based on a photocopy of a newspaper article, and to excuse the defendants' obligation to produce the record on that basis.

   The defendants' new excuses and explanations do not satisfy the requirement of good cause.  Even if the defendants' failure to comply with the court's orders pertaining to the record was initially due to gross negligence, it has now become willful.  The delay the defendants have caused has prejudiced the plaintiffs, who are waiting for payment for their daughter's education.  In addition, it appears that the defendants have now agreed that the plaintiffs were correct as to the appropriate placement for their daughter, which would tend to undermine the merit of their position with respect to the plaintiffs' IDEA claim.  In what has been a continuing pattern, the defendants and their counsel have taken a cavalier attitude towards the

plaintiffs and the court in this litigation, and they have wasted their resources and those of both the plaintiffs and the court. No justifiable reasons have been provided for this conduct. Therefore, in the absence of good cause, the court will not set aside the default entered against the defendants.

B. Discovery

The defendants also ask the court to reopen discovery before the hearing on damages for purposes of the default judgment. The plaintiffs object to reopening discovery and state that the defendants failed to conduct discovery previously in this case, despite the extensions of time allowed by the court.

Once again, the defendants fall victim to their own conduct, and the court will not reopen discovery. The court will require the plaintiffs to provide the defendants and the court with a written specification of their damages, setting forth the specific details of any item of claimed damage and copies of any written documentation that support any claimed damage. The plaintiffs shall file said damage specification with the court and the defendants **on or before June 23, 2006.**

<u>Conclusion</u>

For the foregoing reasons, the defendants' motion to amend or alter (NH document no. 28) is denied.  The plaintiffs shall file a specification of damages as provided in this order **on or before June 23, 2006.**  A hearing on the motion for default judgment will be scheduled to be held by video conference after June 23, 2006.

SO ORDERED.

                                                         /s/ Joseph A. DiClerico, Jr.
                                                         Joseph A. DiClerico, Jr.
                                                         United States District Judge
                                                            (Sitting by designation.)

May 31, 2006

cc:  Jose E. Cespedes-Sabater, Esquire
     Alfredo Fernandez-Martinez
     Kristine Burgos Santiago, Esquire
     USDC-PR, Clerk