```
               UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF PUERTO RICO
```

Carlos A. Morales, et al.

    v.                                          NH Civil No. 05-ds-114-JD
                                                PR Civil No. 04-17560

Puerto Rico Department
of Education, et al.


O R D E R

Following entry of default against the defendants in this case, the court denied the defendants' motion for reconsideration and their motion to reopen discovery before the hearing on damages. The court ordered the plaintiffs to file a written specification of damages, setting forth the specific details of any item of claimed damage and copies of any written documentation to support any claimed damages on or before June 23, 2006. See Order, May 31, 2006 (document no. 27). On June 19, 2006, the court issued a procedural order noting that the First Circuit Court of Appeals had issued a decision in a case that would provide the governing law as to the remedies available in this case, Diaz-Fonseca v. Commonwealth of P.R., 451 F.3d 13 (1st Cir. 2006), and directing the parties to review that decision and to use their best efforts to settle this case before

August 1, 2006.[1]

On June 29, 2006, the plaintiffs filed "Motion in Compliance with Order and Designation of Damages," without any supporting details or written documentation of their claimed damages.  As part of that motion, the plaintiffs asked the court to excuse their late filing because of "the complex legal implications of the Diaz-Fonseca decision."  The defendants filed "Motion to Strike and Requesting Judgment on the Pleadings" the same day.  The plaintiffs responded by filing "Motion in Response to Motion to Stay and for Judgment on the Pleadings and Identifying Remaining Claims."

I.  Motion to Strike

The defendants move to strike the plaintiffs' designation of damages because it is untimely and lacks the supporting information ordered by the court.  The defendants are correct that the plaintiffs failed to comply with the deadline set in the court's order issued on May 31, 2006, and failed to file a motion seeking an extension of time.  The plaintiffs' designation of damages without providing or filing specific details and

---

[1]The damages hearing was initially scheduled for July 6, 2006, and was then rescheduled at the defendants' request.  The hearing is now scheduled for August 21, 2006, to be held by video conference.

supporting documentation is also contrary to the court's order. Such conduct is subject to the imposition of sanctions, including dismissal of the plaintiffs' claims.  Court orders are to be complied with strictly and not taken lightly.

The damages hearing is now scheduled for August 21, which allows sufficient time for the plaintiffs to file and to provide to the defendants the information ordered by the court on May 31, 2006.  The plaintiffs are ordered to provide the following specific detail and supporting documentation:

a.  Enrollment at Centro de Intervencion Temprana, Inc. $22,500.00 (Sept. 2004 – –May 2005)

**Evidence of the cost of tuition and proof of payment such as bills and receipts or cancelled checks or of outstanding liability for the amount.**

b.  Psychological services with Dr. Angeles Acosta – $630.00

**Evidence of the purpose, time, and cost of the services and proof of payment or outstanding liability for the amount billed.**

c.  Speech therapies with Evelyn E. Rivera – $160.00

**Evidence of the purpose, time, and cost of the therapy and proof of payment or outstanding liability for the amount billed.**

      d.   Services provided at IMEI – $2,000.00

**Evidence of the type of services provided, their purpose, time, cost of each service, and proof of payment or liability for the amount claimed.**

      e.   Interests paid on loan to pay enrollment at Centro de Intervencion Temprana, Inc. – $3,536.69

**Evidence of the loan, its terms, its purpose, and any payments made.**

      f.   Services to be rendered by Jessica Ortiz on July 20, 2006, for an evaluation – $130.00

**If the evaluation has been completed, provide evidence supporting the amount claimed and proof of payment or liability for the amount billed.**

      g.   Attorneys' fees and expenses – $37,647.78

**Contemporaneous billing records, identifying the attorney, the time spent, and the nature of each task billed, the hourly rate, and the detail of the expenses claimed.**

The plaintiffs shall file and provide to the defendants **on or before August 11, 2006,** the supporting detail and documentation for their claims as specified above.  Should the plaintiffs again fail to comply with the court's order, their claims will be dismissed with prejudice.

In addition, the parties were previously directed to use

their best efforts to resolve the damages claims in this case. The court has received no indication that any effort was made to settle these matters. When the defendants receive the supporting detail and documentation from the plaintiffs, counsel shall confer for the purpose of settling the damages claims. Counsel shall notify the court as to the status of their settlement efforts **on or before August 15, 2006**.

II.  Motion for Judgment on the Pleadings

The plaintiffs, who are the parents of Veronica M. Morales Davila, filed suit on her behalf under the Individuals with Disabilities Education Act ("IDEA"), the Rehabilitation Act, the Civil Rights Act of 1964, 42 U.S.C. § 2000a, the Americans with Disabilities Act, and 42 U.S.C. § 1983, and Puerto Rico law. The plaintiffs contend that the Department of Education of Puerto Rico; Cesar Rey, Secretary of the Department; Elsie Rivas, Supervisor of the Department of Special Education, and Administrative Judge Carmen Beauchamp Gonzalez violated Veronica's rights under the cited statutes by failing to provide her with an educational environment that is appropriate, given her disabilities. Default was entered against the defendants when they failed to file an answer and failed to comply with the court's order to provide the administrative record in this case.

The defendants move for judgment on the pleadings, contending that the plaintiffs failed to state claims under the Civil Rights Act of 1964, 42 U.S.C. § 2000a, lack standing to sue under 42 U.S.C. § 1983, and failed to state claims under the Americans with Disabilities Act, the Rehabilitation Act, and § 1983.  As such, the defendants now contest the merits of the plaintiffs' claims against them and challenge their liability under those claims.

The defendants' arguments are too late.  Once default is entered, "each of [the plaintiffs'] allegations of fact must be taken as true and each of [their] claims must be considered established as a matter of law." Goldman, Antonetti, Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 693 (1st Cir. 1993) (internal quotation marks omitted).  At this stage, the defendants can contest damages but not the merits of the plaintiffs' claims against them.  Conetta v. Nat'l Hair Care Ctrs., Inc., 236 F.3d 67, 73 (1st Cir. 2001).

As the court has previously instructed the parties, the First Circuit's decision in Diaz-Fonseca provides the governing law as to the remedies available in this case.  Despite some remarks to the contrary, the plaintiffs acknowledge the limits on their recovery under Diaz-Fonseca.  The plaintiffs now seek only reimbursement for educational expenses and attorneys' fees and

"renounce, without prejudice to re-filing under local laws and in local Court[,] their right to seek recovery for the damages suffered by all of them."  Motion in Response at 5 (document no. 36).  Therefore, the plaintiffs' claims under the Americans with Disabilities Act, the Rehabilitation Act, the Civil Rights Act of 1964 (42 U.S.C. §§ 2000 and 1983), and under Puerto Rico law and their claims against the individual defendants are dismissed without prejudice.

## Conclusion

For the foregoing reasons, the defendants' motion to strike and for judgment on the pleadings (document no. 35) is denied.  The plaintiffs' claims under the Americans with Disabilities Act, the Rehabilitation Act, the Civil Rights Act of 1964 (42 U.S.C. §§ 2000 and 1983), and under Puerto Rico law (second through fifth causes of action in the second amended complaint) and their claims against the individual defendants are dismissed without prejudice.

The plaintiffs shall file and provide to the defendants the detail and documentation supporting their claims for damages **on or before August 11, 2006,** failing which their claim under the IDEA will be dismissed with prejudice.  Counsel shall confer and use their best efforts to reach a settlement of the damages

issues remaining in this case and notify the court **on or before August 15, 2006,** as to the status of their settlement efforts.

SO ORDERED.

*[signature: Joseph A. DiClerico, Jr.]*
Joseph A. DiClerico, Jr.
United States District Judge
(Sitting by designation.)

July 26, 2006

cc:  Alfredo Fernandez-Martinez, Esquire
     Kristine Burgos Santiago, Esquire
     USDC-PR, Clerk